## MORAN v. WAGNER.

APPEALS; BILLS OF EXCEPTION; MOTIONS.

1. An order by the lower court extending its term thirty-eight days for
the purpose of settling a bill of exceptions, as provided for by sec. 2,
rule 54, of that court, is equivalent to an extension of the time within
which to present the bill, as provided for by rule 55 of that court.

2. Where a bill of exceptions has not been presented for settlement in
time, or is manifestly insufficient in form, the motion of the appellee
should be to strike the same from the record and to affirm, and not
to dismiss, the appeal, as the right of appeal is not dependent upon
the appearance of a regular bill of exceptions in the record. (Follow-
ing *Raymond* v. *United States,* 26 App. D. C. 250.)

No. 1711.   Submitted October 4, 1906.   Decided October 9, 1906.

HEARING on a motion by the appellee to dismiss an appeal.
*Denied.*

*Mr. John B. Daish, Mr. John Ridout,* and *Mr. Joseph D. Sul-
livan* for the motion.

*Mr. H. W. Sohon* and *Mr. R. F. Downing* opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the
Court.

The appellee, Emil W. Wagner, has moved to dismiss this ap-
peal because the bill of exceptions was not presented to the trial
justice for settling until more than thirty-eight days after the

entry of judgment, as provided in rule 55, supreme court of the District of Columbia. The judgment was entered March 16, 1906, and the bill of exceptions was not presented until May 8, 1906. It appears, however, that on March 30, 1906, the court entered an order on motion of the appellant prolonging the January term for the period of thirty-eight days, exclusive of Sundays, for the purpose of settling the bill of exceptions, and the latter was presented within that time. This order extending the term was made in accordance with the provision of section 2 of rule 54.

Considering the two rules together, we are of opinion that the order prolonging the term for thirty-eight days, under rule 54, was equivalent to an extension of the time under special order, as provided in rule 55. The proper practice in the case where the bill of exceptions shall not have been presented for approval in time, or is manifestly insufficient in form, is to move to strike the same from the record, and affirm. As was said in *Raymond* v. *United States,* 26 App. D. C. 250, 256: "The right of appeal is not dependent upon the appearance of a regular bill of exceptions in the transcript of the record, however ineffectual it may prove on the hearing because of such omission."

The motion is *denied, with costs.*